ON MOTION TO REMAND

GRIFFIN, J.
Petitioner, Jose Perez [“Perez”], initially filed a notice of appeal of an order of the trial court denying his motion to proceed in forma pauperis. This court sua sponte ordered the trial judge to provide written reasons for the denial. After those reasons were provided, this court issued an order treating the notice of appeal as a petition for writ of certiorari. The order also directed the respondent to show cause why the petition should not be granted and allowed the trial court judge to also file a response.
Before the responses were due, however, Perez filed this motion for remand, reciting that, pursuant to his motion for disqualification, on February 25, 2002 the trial judge who had denied the motion to proceed in forma pauperis had recused himself. Perez requests this court to vacate the order denying the motion to proceed in forma pauperis and remand the case to the trial court for another judge to decide petitioner’s motion.
Recusal, however, gives Perez an adequate legal remedy to have his motion to proceed in forma pauperis reconsidered. Rule 2.160(h), Florida Rule of Judicial Administration, allows prior rulings of a disqualified judge to be reconsidered by a successor judge, based upon a motion filed within twenty days of the order of disqualification. We conclude the proper course is to treat the motion as a timely motion for reconsideration and to remand it to the circuit court for a ruling by the successor judge. If Perez obtains relief, this proceeding will be moot; if he does not, we will review the successor judge’s order. The trial court is requested to rule on the motion for consideration within twenty days and to direct the clerk of court to transmit a copy of the order to this court.
REMANDED.
THOMPSON, C.J., and ORFINGER, R.B., J., concur.